# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

DAVID W. TAYLOR                                                                                        PETITIONER
Reg. #13549-074

v.                                            2:19-cv-00044-BSM-JJV

DEWAYNE HENDRIX, Warden,
Forrest City Federal Correctional Complex                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     PROCEDURAL HISTORY

In 2009, Petitioner David W. Taylor pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), in the United States District Court for the Eastern District of Tennessee. *United States v. Taylor*, No. 1:09CR00013-TRM-HBG-1 (E.D. Tenn. 2009). He was sentenced to 188 months' imprisonment followed by three years' supervised release and was ordered to pay $3,780 in restitution. *Id*. at Doc. No. 20. He appealed, challenging the amount of restitution ordered, and the United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Taylor*, 418 Fed. App'x 400 (6th Cir. 2011) (per curiam).

Mr. Taylor filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging his plea was involuntary, his *Miranda* rights were violated at the time of arrest, his sentence as a career offender violated double jeopardy, he received ineffective assistance of counsel, and the term of imprisonment imposed was unreasonable. *Taylor*, No. 1:09CR00013-TRM-HBG-1 at Doc. No. 46.[1] The sentencing court determined each claim lacked merit and denied the motion. *Id*. at Doc. No. 75. The Sixth Circuit denied a certificate of appealability. *Id*. at Doc. No. 86.

---

[1] Mr. Taylor initially filed a § 2255 motion while his direct appeal was pending. *Id*. at Doc. No. 33. It was dismissed without prejudice as premature. *Id*. at Doc. No. 34.

Mr. Taylor then filed two applications seeking leave from the Sixth Circuit to file second or successive § 2255 motions. (Doc. Nos. 19-2, 19-3.) In the first, he asserted he was actually innocent of bank robbery and his prior convictions did not constitute crimes of violence for purposes of the career offender enhancement. (Doc. No. 19-2 at 3.) The Sixth Circuit denied the application, finding Mr. Taylor failed to make a prima facie showing of either (1) newly discovered evidence establishing no reasonable factfinder would find him guilty or (2) a new rule of constitutional law made retroactive to cases on collateral review. (*Id.*) In his second application, Mr. Taylor argued, *inter alia*, the sentencing court lacked jurisdiction. (Doc. No. 19-3 at 2.) The Sixth Circuit denied this application as well. (*Id.*)

Mr. Taylor, an inmate at the Forrest City Low Federal Correctional Institution, now seeks to vacate, set aside, or correct his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) As in previous filings, he alleges he is actually innocent of bank robbery, his plea was involuntary, and his status as a career offender should be vacated because his prior convictions do not qualify as crimes of violence. (*Id.* at 1.) Respondent has filed a Motion to Dismiss for lack of jurisdiction. (Doc. No. 19.) Mr. Taylor has not responded, and this matter is now ripe for a decision. After careful consideration, I recommend the Motion to Dismiss be GRANTED.

**II.     ANALYSIS**

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940

3

(8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Taylor's Petition, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows that § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that § 2255 relief in the sentencing court would be inadequate or ineffective. *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

4

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Taylor states the remedy under § 2255 would be inadequate or ineffective for two reasons. First, as previously noted, he has already filed a § 2255 motion in the sentencing court. (Doc. No. 1 at 3.) But a § 2255 motion is not inadequate or ineffective simply because § 2255 relief has already been denied. *Hill*, 349 F.3d at 1091. Second, he asserts that because he is incarcerated in this district, this Court has the "inherent power and authority to vacate his sentence and or resentence Taylor because it exercises jurisdiction and can order his presence." (Doc. No. 1 at 3.) Mr. Taylor says the sentencing court lacks "the power to order presence." (*Id*. at 5.) He is mistaken. This Court has the power to vacate a sentence under § 2241 only to the extent that the remedy under § 2255 would be inadequate or ineffective, and Mr. Taylor has not made that showing. It is well settled that "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963 (citing *Hill*, 349 F.3d at 1092). This is true even when the claim is one of actual innocence. *Id*. at 960. Mr. Taylor's claims could have been raised in his initial § 2255 motion or in an application requesting leave to file a second or successive § 2255 motion.

Accordingly, Mr. Taylor cannot establish a § 2255 motion would be inadequate or ineffective to test the legality of his conviction and sentence. I recommend the Motion to Dismiss be granted and his § 2241 Petition be dismissed for lack of jurisdiction.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 19) be GRANTED.

2. Mr. Taylor's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be

DISMISSED.

DATED this 9th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE